UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON LEROY McINTOSH,

    Plaintiff,

vs.

LAKE ORION POLICE OFFICER
ROBERT BARKER, Badge 016,

    Defendant.

Case No. 03-71321
Hon. John Feikens
Magistrate Donald A. Scheer

_____/

THOMAS M. LOEB (P25913)
Attorney for Plaintiff
24724 Lahser Road
Southfield, MI 48034-6044
248.3546033
248.354.1489 (facsimile)

ROGER A. SMITH (P27722)
Attorney for Defendant
1111 West Long Lake, Ste. 300
Troy, MI 48098
248.641.7600
248.641.0222 (facsimile)
_____/



## ANSWER TO COMPLAINT

NOW COMES the Defendant, by and through his attorneys, Garan Lucow Miller, P.C., and in response to the Complaint filed herein, states as follows:

1. Your Defendant denies that the Plaintiff was brutally beaten, physically assaulted and pepper sprayed while handcuffed, denies that he engaged in any intentional, deliberate, malicious, willful, wanton, deliberately indifferent and/or grossly negligent action, denies that he violated and/or deprived the Plaintiff of any constitutional rights or liberty, denies that his actions were the direct and/or proximate cause of any of the alleged damages sustained herein, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

2. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

3. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

4. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

5. Admitted.

6. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

7. Your Defendant acknowledges that on February 3, 2001 Plaintiff was appropriately arrested while this Defendant was accompanied by his partner, Officer Titus, for the offense of operating a motor vehicle under the influence of liquor. The balance of the allegations contained within this paragraph, as stated, are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

8. Admitted.

9. Admitted.

10. It is admitted that at all appropriate times, Plaintiff was handcuffed behind his back.

11. Admitted.

12. The allegations contained within this paragraph, as pled, are denied as being untrue.

13. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

14. It is admitted that the Defendant suggested he was suffering from a closed head injury before he was transported to the police station. To the extent that the balance of the allegations contained within this paragraph are inconsistent with this response, then same are denied as being untrue.

15. Your Defendant acknowledges that while Plaintiff was at the police station and in handcuffs, he did ask to use the bathroom. To the extent that the balance of the allegations are inconsistent with this response, then same are denied as being untrue.

16. The allegations contained within this paragraph, as pled, are denied as being untrue. The Plaintiff was told that he would be able to use the bathroom as soon as preliminary matters and breathalyzer rights were read.

17. The allegations contained within this paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

18. Denied.

19. Denied.

20. Your Defendant denies that he engaged in any inappropriate or unjustified conduct, denies that his actions were the direct and/or proximate cause of any of the alleged damages sustained herein, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

21. Your Defendant denies that he engaged in any unlawful, malicious, reckless, indifferent acts or omissions, denies that his actions or conduct deprived the Plaintiff of any of his rights, privileges or immunities under the Constitution and/or laws of the United

States and/or State of Michigan, denies that Plaintiff's constitutional rights were violated, denies that this Defendant's actions were the direct and/or proximate cause of any of the alleged damages sustained herein, denies that this Defendant engaged in an excessive force, and as to the balance of the allegations contained within this paragraph, same are neither admitted nor denied for lack of sufficient information upon which to form a belief as to the truth of the allegations contained therein and, accordingly, the Plaintiff is left to his proofs.

WHEREFORE, it is prayed that this Honorable Court will enter a judgment of no cause for action in favor this Defendant and against the Plaintiff together with costs and attorney fees wrongfully sustained.

GARAN LUCOW MILLER, P.C.

BY: _____
ROGER A. SMITH (P27722)
Attorney for Defendant
1111 West Long Lake, Ste. 300
Troy, Michigan 48098
248.641.7600

DATED:   April 28, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON LEROY McINTOSH,

 Plaintiff,

vs.

LAKE ORION POLICE OFFICER
ROBERT BARKER, Badge 016,

 Defendant.

Case No. 03-71321
Hon. John Feikens
Magistrate Donald A. Scheer

_____/

THOMAS M. LOEB (P25913)
Attorney for Plaintiff
24724 Lahser Road
Southfield, MI 48034-6044
248.3546033
248.354.1489 (facsimile)

ROGER A. SMITH (P27722)
Attorney for Defendant
1111 West Long Lake, Ste. 300
Troy, MI 48098
248.641.7600
248.641.0222 (facsimile)

_____/

## *NOTICE OF SPECIAL AND/OR AFFIRMATIVE DEFENSES*

NOW COMES the Defendant, by and through his attorneys, Garan Lucow Miller, P.C., and in further response to the complaint filed herein, states as follows:

1. That all or a portion of the Plaintiff's claims herein may be barred by the applicable statute of limitations.

2. That the sole proximate cause of any damages sustained by the Plaintiff herein was directly attributable to his own inappropriate, unreasonable, aggressive conduct and behavior including, but not limited to, resisting the reasonable and appropriate requests of this Defendant, refusing to cooperate with the reasonable requests of this Defendant, in defying the reasonable requests of the officer all of which may or may not be associated with his earlier voluntary and/or intentional ingestion of alcohol and/or

other controlled substances when the Plaintiff knew and/or should have known that such conduct would lead to his inability to act or comport himself reasonably and appropriately under the circumstances.

3. That at all times your Defendant's actions were guided by reasonable responses and in self defense and/or appropriate reaction and response to the actions and conduct of the Plaintiff.

4. That the Plaintiff has failed to state a claim upon which relief can be granted, and absent a satisfactory amendment of the complaint to so support such a cause of action, your Defendant reserves the right to move for summary judgment.

5. That Plaintiff's claims for non-economic damages are barred by MCLA 600.2959 because the Plaintiff's fault is greater than the aggregate fault of the other person or persons that contributed to Plaintiff's injuries, whether or not parties to this action.

6. That a potential or partial explanation for Plaintiff's abhorrent behavior was the ingestion of alcohol and/or controlled substances, and, therefore, Plaintiff's claim for damages may be barred pursuant to MCLA 600.2955(a)(1) and (2) because, in addition to Plaintiff's impairment due to the ingestion of alcohol or controlled substances, the Plaintiff's fault is equal to or greater than the aggregate fault of the other person or persons that contributed to Plaintiff's injuries, whether or not parties to this action.

7. That all or a portion of Plaintiff's damages are attributable to his own comparative fault.

8. That Plaintiff's own actions constitute the sole proximate cause of any damages sustained by him.

9. That Plaintiff has failed to mitigate his damages.

10. That all or a portion of Plaintiff's federal claims are barred by qualified immunity.

11. That all or a portion of Plaintiff's implied state claims are barred by immunity granted by law pursuant to MCLA 691.1407.

12. That some or all of Plaintiff's claims are barred by the doctrine of collateral and/or judicial estoppel.

13. That the Plaintiff has failed to identify or cite any clearly established federal or constitutional right which allegedly existed on the date, time and location indicated so as to have provided objective or reasonable notice to the Defendant that his alleged conduct failed to comply or comport with such right and, therefore, the Plaintiff has failed to state a claim upon which relief can be granted under Michigan and/or federal law.

14. That the Plaintiff has failed to sufficiently plead the existence of facts and/or law to overcome the Defendant's entitlement to qualified immunity.

15. That the Plaintiff failed to appropriately plead facts sufficient to suggest any reasonable interpretation that the actions of this Defendant were such that they would "shock the conscience" of any reasonable interpreter or observer.

16. That clearly, the actions of this Defendant as pled in this matter were not "the proximate cause" if any of the damages sustained herein.

17. That all of the actions of this Defendant were undertaken in the honest, good faith, reasonable and realistic belief that they were justified and were done solely for the purpose of protecting himself, the Plaintiff and others, and to bring the offender to justice, and not out of any animosity, ill will, deliberate indifference or malice toward the Plaintiff or for any other improper purpose.

18. That to the extent that Plaintiff has attempted to assert a cause of action against this Defendant for "gross negligence", that claim fails to state a cause of action cognizable under Michigan law.

19. That any injury or damage suffered by the Plaintiff was due to and any injury or damage suffered by the Plaintiff was due to and caused by the failure of the Plaintiff to

engage in conduct consistent with the appropriate standard of care under the circumstances, and said conduct was the proximate cause of the injury, if any, to Plaintiff.

20. That the actions of this Defendant were based on probable cause and is, therefore, privileged.

21. That your Defendant reserves the right to raise and/or plead any other special and/or affirmative defense which may become known or warranted during the course of subsequent discovery and/or investigation.

                                       GARAN LUCOW MILLER, P.C.

                              BY:      _____
                                       ROGER A. SMITH (P27722)
                                       Attorney for Defendant
                                       1111 West Long Lake, Ste. 300
                                       Troy, Michigan 48098
DATED:      April 28, 2003             248.641.7600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON LEROY McINTOSH,

    Plaintiff,

vs.

LAKE ORION POLICE OFFICER
ROBERT BARKER, Badge 016,

    Defendant.

Case No. 03-71321
Hon. John Feikens
Magistrate Donald A. Scheer

_____/

THOMAS M. LOEB (P25913)
Attorney for Plaintiff
24724 Lahser Road
Southfield, MI 48034-6044
248.3546033
248.354.1489 (facsimile)

ROGER A. SMITH (P27722)
Attorney for Defendant
1111 West Long Lake, Ste. 300
Troy, MI 48098
248.641.7600
248.641.0222 (facsimile)
_____/

FILED 2003 APR 29 P 3: 16
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

### *RELIANCE ON JURY DEMAND*

NOW COMES the Defendant, by and through his attorneys, GARAN LUCOW MILLER, P.C., and hereby relies upon the jury demand previously filed as to each and every issue of the within cause.

GARAN LUCOW MILLER, P.C.

BY: _____
ROGER A. SMITH (P27722)
Attorney for Defendant
1111 West Long Lake, Ste. 300
Troy, Michigan 48098
248.641.7600

DATED:    April 28, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON LEROY McINTOSH,

    Plaintiff,

vs.

LAKE ORION POLICE OFFICER
ROBERT BARKER, Badge 016,

    Defendant.

Case No. 03-71321
Hon. John Feikens
Magistrate Donald A. Scheer

_____/

THOMAS M. LOEB (P25913)
Attorney for Plaintiff
24724 Lahser Road
Southfield, MI 48034-6044
248.3546033
248.354.1489 (facsimile)

ROGER A. SMITH (P27722)
Attorney for Defendant
1111 West Long Lake, Ste. 300
Troy, MI 48098
248.641.7600
248.641.0222 (facsimile)
_____/

FILED
APR 29 P 3:17
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

## PROOF OF SERVICE

STATE OF MICHIGAN  )
                         )SS.
COUNTY OF OAKLAND  )

    Mary J. Roberts, being first duly sworn, deposes and says that she is associated with the law firm of Garan Lucow Miller, P.C. attorneys for Defendant in the above-entitled cause of action and that on April 28, 2003 she caused to be served a true copy of **SUBSTITUTION OF ATTORNEYS; CONSENT TO SUBSTITUTION AND PROPOSED ORDER FOR SUBSTITUTION OF ATTORNEYS; ANSWER TO COMPLAINT; NOTICE OF SPECIAL AND/OR AFFIRMATIVE DEFENSES; RELIANCE UPON JURY DEMAND; AND INTERROGATORIES TO PLAINTIFF** together with a copy of this Proof of Service upon the attorneys of record

by enclosing a true copy of same in a well-sealed envelope addressed as follows:

**Thomas M. Loeb, Esq.
24724 Lahser Road
Southfield, MI 48034-6044**

with full legal postage prepaid thereon and deposited in the United States mail.

Further, deponent saith not.

_____
MARY J. ROBERTS

Subscribed and sworn to before me, a
Notary Public, this 28th day of April, 2003

_____
NANCY ZALEWSKI
Notary Public, Macomb County, Michigan
Acting in Oakland County

My commission expires:   March 17, 2005
313937.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED